Our final case of the day is United States v. O'Leary. I wonder if he's got a cow. O'Leary. He could be a Jeopardy. May it please the court. Ms. Winslow. Oh, good morning, Your Honor. May it please the court. Counsel, I could answer your question, Judge, but he's actually John O'Leary, IV. Mr. O'Leary was charged in a 49-count multidefendant indictment. Specifically, Mr. O'Leary himself was charged with five counts of distribution of a controlled substance, one count of possession of a firearm by a felon, and one count of conspiracy to distribute 280 grams or more of a controlled substance, in this case crack. Mr. O'Leary proceeded to a bench trial on the narrow issue of whether the government could prove the quantity of drugs charged in the indictment. By stipulation, Mr. O'Leary admitted to virtually every fact, including the existence of the actual conspiracy. The government presented no testimony and relied instead on intercepted phone calls, stipulations relating to individual transactions, and Mr. O'Leary's grand jury statement. The only question presented to this court is whether Mr. O'Leary's grand jury statement was sufficiently corroborated to carry the government's burden of proof. Pardon me. The government's theory before the district court was based on a formula that was derived directly from Mr. O'Leary's grand jury statement. That formula stated that the conspiracy operated from 2010 to 2014, that five workers operated on any given day, that each worker sold an average of four packs per day, and that each pack contained three grams of cocaine. Pardon me. The Supreme Court and this court have held repeatedly that the prosecution cannot rest alone on an uncorroborated statement of the defendant. The statement must be sufficiently corroborated to establish it's trustworthy, and a statement is not sufficiently corroborated unless the essential facts of that statement are corroborated by independent evidence. The level of corroboration required depends on the government's case. In this case, because no other evidence proved the element of quantity, additional corroboration is required. Thus the question for this court under Opper and the Seventh Circuit cases is what facts are essential to corroborate Mr. O'Leary's statement. The drug quantity is an independent element, which must be proven beyond a reasonable doubt, and it is Mr. O'Leary's position that the government's corroboration was insufficient. Specifically, as to element one of the government's formula, that the conspiracy lasted from 2010 to 2014, there was no corroboration whatsoever. The stipulated conduct occurred only between April 9th and July 9th of 2014. The phone calls occurred between March 30th and April 29th of 2014. Thus there was no evidence at all that the conspiracy existed before this time. With respect to the element of five workers operating on any given day, the intercepted phone calls undermine the government's argument in that most of the phone calls referred to the workers in the singular. As to the number of packs, there was no evidence whatsoever to corroborate the number of packs, and the phone calls are inconsistent with the government's formula. Because the government is entirely reliant on the statement to establish the element of quantity, it must have provided additional evidence to the district court. If the panel has no other questions, I will ask that the conviction on count one be vacated and that the matter be remanded for sentencing to the district court. Certainly, counsel. Thank you, Judge. Mr. Watt. May it please the court. Excuse me. My name is Raj Watt, and I represent the United States in this matter. This was a bench trial in which the district court wrote a detailed opinion describing his findings of fact and how he went about corroborating the statement offered by Mr. O'Leary. I want to begin by noting this was a statement made under oath before the grand jury, after Mr. O'Leary had been represented by counsel, and there's no suggestion that it was coerced or in any way unreliable. The statement as a whole was certainly corroborated by the stipulations that Mr. O'Leary entered into, that he participated in the conspiracy described in his statement. The factual stipulations as to the specific incidences where law enforcement arrested members of that conspiracy or Mr. O'Leary himself are consistent with the way he said the conspiracy operated. So, for example, when he said that the packs of drugs were made up of 30 individual gram quantities, that's exactly what law enforcement recovered on the two instances that Mr. O'Leary stipulated that law enforcement recovered those packs. So, the statement as a whole was corroborated and thus reliable, so the district court could rely on it in its entirety, but I'll note that the inputs, even the specific inputs into the drug quantity calculation proved far in excess of 280 grams, even if you just looked at what was independently corroborated. The district court went through that in its opinion, but, for example, an issue of time period, even if you limit the time period to the roughly 100 days during which there was either wire interceptions or law enforcement observations of Mr. O'Leary and others at the spot, and you limit the quantity not to the five workers per day that Mr. O'Leary described, but the minimum that would be supported by the cause, which would be two, Mr. O'Leary and somebody else, you still end up with roughly five times the 280 gram threshold quantity. Mr. O'Leary's statement itself describes conservatively 78 kilograms, which is many hundred times the threshold quantity here. So the district court was not faced with, frankly, a close question on drug quantity. Mr. O'Leary's statement established that it was far in excess of the 280 grams, and the evidence at trial was sufficient to corroborate that. So if there are no questions from the panel, I'll simply ask that the district court's decision be affirmed. Thank you. Thank you very much. Ms. Winslow, anything further? Just very briefly, Your Honor. Not much to respond to. There isn't, but there's one thing. The government has repeatedly argued before this court, before the district court, that the corroboration of the existence of the conspiracy is sufficient to corroborate Mr. O'Leary's statement as to the drug quantity. That's simply inaccurate. And I would refer the court to this court's decision in Dahlhaus, in which the court specifically says that the nature of corroboration is fact-specific and depends on the nature of the element, which is uncorroborated. In this case, because it is the drug quantity, and Mr. O'Leary actually stipulated to the existence of the conspiracy, it's the drug quantity and the government's calculations that must be corroborated, but were not. The panel has no questions? Seems not. Thank you very much. And, counsel, we appreciate your willingness to accept the appointment in this case. The case is taken under advisement, and the court will be in recess.  Thank you.